IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. _____ |
| ROUND ROCK RESEARCH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Motorola Solutions, Inc. ("MSI"), by its attorneys, as and for its complaint against Round Rock Research, LLC ("Round Rock"), alleges as follows:

**NATURE OF THIS ACTION**

1.     This is an action for declaratory judgment of noninfringement, invalidity, noncompliance with 35 U.S.C. § 287, laches, estoppel, and acquiescence with respect to U.S. Patent Nos. 5,500,650; 5,627,544; 5,974,078; 6,459,726; and RE41,531 (the "Patents-In-Suit"), all of which relate to radio frequency identification ("RFID") technology, and for such other relief as the Court deems just and proper.

**THE PARTIES**

3.     Plaintiff MSI is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

4.     On information and belief, Defendant Round Rock is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 26 Deer Creek Lane, Mount Kisco, NY 10549.  On information and belief, Round Rock is in the

business of enforcing and licensing patents and does not manufacture, sell or offer for sale, any products or services.

## JURISDICTION AND VENUE

5.      This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

6.      This Court has personal jurisdiction over Round Rock because Round Rock is organized under the laws of the State of Delaware and has availed itself of this Court by filing multiple lawsuits in this District.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Round Rock is organized under the laws of the State of Delaware, and Round Rock has commenced suit in this District on the Patents-in-Suit against the Accused RFID Products (defined *infra*).

## THE RFID ACTIONS

8.      On December 14, 2011, Round Rock filed lawsuits in this District against: American Apparel Inc. in an action styled *Round Rock Research LLC v. American Apparel Inc.*, Civil Action No. 1:11-cv-01238-RGA; Dole Food Company Inc. in an action styled *Round Rock Research LLC v. Dole Food Company Inc.*, Civil Action No. 1:11-cv-01239-RGA; Fruit of the Loom Inc. in an action styled *Round Rock Research LLC v. Fruit of the Loom Inc.*, Civil Action No. 1:11-cv-01240-RGA; Gap Inc. in an action styled *Round Rock Research LLC v. Gap Inc.*, Civil Action No. 1:11-cv-01241-RGA; Hanesbrands Inc. in an action styled *Round Rock Research LLC v. Hanesbrands Inc.*, Civil Action No. 1:11-cv-01242-RGA; J.C. Penney Corporation, Inc., after replacement of the originally identified defendant J.C. Penney Company,

Inc., in an action styled *Round Rock Research LLC v. J.C. Penney Corporation, Inc.*, Civil Action No. 1:11-cv-01243-RGA; Macy's Retail Holdings Inc., after replacement of the originally identified defendant Macy's Inc., in an action styled *Round Rock Research LLC v. Macy's Retail Holdings Inc.*, Civil Action No. 1:11-cv-01237-RGA; PepsiCo, Inc. in an action styled *Round Rock Research LLC v. PepsiCo, Inc.*, Civil Action No. 1:11-cv-01244-RGA; and V. F. Corporation in an action styled *Round Rock Research LLC v. V. F. Corporation*, Civil Action No. 1:11-cv-01245-RGA.  On December 22, 2011, Round Rock further filed suit against Amazon.com Inc. in this District in an action styled *Round Rock Research LLC v. Amazon.com Inc.*, Civil Action No. 1:11-cv-01279-RGA.  The foregoing actions are collectively referred to as the "RFID Actions" and the defendants therein are collectively referred to as the "RFID Defendants."

9.    In the RFID Actions, Round Rock claims to own the Patents-In-Suit. Round Rock accuses nine of the ten RFID Defendants of directly and/or indirectly infringing and continuing to infringe the Patents-in-Suit by (a) "using products and systems consisting of or including ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers" and (b) "making, using, selling, offering for sale, and/or importing RFID products" (such products and systems identified in (a) and (b) collectively, the "Accused RFID Products").  Round Rock further alleges that several of the RFID Defendants are (c) inducing infringement of the Patents-in-Suit by third parties by, *inter alia*, "selling or otherwise supplying" the Accused RFID Products and (d) contributing to the infringement of the Patents-in-Suit by third parties by "selling and/or offering for sale in the United States, and/or importing into the United States," the Accused RFID Products.

10.     In addition, Round Rock has accused at least one of MSI's customers (the "Accused Customer") of infringing a group of patents, including at least one of the Patents-In-Suit, in connection with the Accused Customer's use of RFID products.

11.     On information and belief, MSI manufactures and/or sells RFID products and/or RFID systems that are included among the Accused RFID Products that are the subject of the RFID Actions and/or Round Rock's infringement allegations against the Accused Customer. On information and belief, MSI supplies or has supplied Accused RFID Products to several RFID Defendants and to the Accused Customer.  On information and belief, the RFID Defendants use the Accused RFID Products, and the Accused Customer uses RFID products and RFID systems, manufactured and/or supplied by MSI in substantially the manner in which they are intended to be used and do not substantially modify them.

12.     MSI has received demands from certain RFID Defendants and the Accused Customer under respective supply agreements for defense and indemnification against Round Rock's claims of patent infringement with respect to the Patents-in-Suit.

13.     MSI and the RFID products and/or RFID systems manufactured and/or supplied by it, including the Accused RFID Products, have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents. An actual and substantial controversy exists between the parties regarding the validity, infringement, and enforceability of the Patents-in-Suit which is of sufficient immediacy and reality to warrant declaratory relief.

## THE PATENTS-IN-SUIT

14.     U.S. Patent No. 5,500,650 ("the '650 Patent") is entitled "Data Communication Method Using Identification Protocol" and bears an issuance date of March 19, 1996.

15.     A copy of the '650 Patent is attached hereto as Exhibit 1.

16.     U.S. Patent No. 5,627,544 ("the '544 Patent") is entitled "Data Communication Method Using Identification Protocol" and bears an issuance date of May 6, 1997.

17.     A copy of the '544 Patent is attached hereto as Exhibit 2.

18.     U.S. Patent No. 5,974,078 ("the '078 Patent") is entitled "Modulated Spread Spectrum in RF Identification Systems Method" and bears an issuance date of October 26, 1999.

19.     A copy of the '078 Patent is attached hereto as Exhibit 3.

20.     U.S. Patent No. 6,459,726 ("the '726 Patent") is entitled "Backscatter Interrogators, Communication Systems and Backscatter Communication Methods" and bears an issuance date of October 1, 2002.

21.     A copy of the '726 Patent is attached hereto as Exhibit 4.

22.     U.S. Patent No. RE41,531 ("the '531 Patent") is entitled "Communications Systems for Radio Frequency Identification (RFID)" and bears an issuance date of August 17, 2010.

23.     A copy of the '531 Patent is attached hereto as Exhibit 5.

## COUNT I - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,500,650

24.     MSI repeats and realleges the allegations in paragraphs 1-22 as though fully set forth herein.

25.     The RFID products and/or RFID systems manufactured and/or supplied to the RFID Defendants, the Accused Customer, and/or others by MSI have not infringed and do not infringe, directly or indirectly, any valid claim of the '650 Patent, either literally or under the doctrine of equivalents.

26.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.     A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, regarding the '650 Patent.

## COUNT II - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,500,650

28.     MSI repeats and realleges the allegations in paragraphs 1-26 as though fully set forth herein.

29.     A request for *ex parte* reexamination of the '650 Patent was filed with the United States Patent and Trademark Office ("U.S.P.T.O.") as Reexamination No. 90/012,117 and is pending.  The U.S.P.T.O. granted that request because it raises substantial new questions regarding the patentability of claims included in the '650 Patent.  A copy of the U.S.P.T.O. order is attached hereto as Exhibit 6.

30.     The '650 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and/or 112.

For example, the claims of the '650 Patent are invalid as anticipated and/or obvious in view of at least the references cited in Reexamination No. 90/012,117.

31.   As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32.   A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, regarding the '650 Patent.

## COUNT III –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,627,544

33.   MSI repeats and realleges the allegations in paragraphs 1-31 as though fully set forth herein.

34.   The RFID products and/or RFID systems manufactured and/or supplied to the RFID Defendants, the Accused Customer, and/or others by MSI have not infringed and do not infringe, directly or indirectly, any valid claim of the '544 Patent, either literally or under the doctrine of equivalents.

35.   As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

36.   A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, regarding the '544 Patent.

## COUNT IV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,627,544

37.     MSI repeats and realleges the allegations in paragraphs 1-35 as though fully set forth herein.

38.     A request for *ex parte* reexamination of the '544 Patent was filed with the U.S.P.T.O. as Reexamination No. 90/012,116 and is pending.  The U.S.P.T.O. granted that request because it raises substantial new questions regarding the patentability of claims included in the '544 Patent.  A copy of the U.S.P.T.O. order is attached hereto as Exhibit 7.

39.     The '544 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and/or 112. For example, the claims of the '544 Patent are invalid as anticipated and/or obvious in view of at least the references cited in Reexamination No. 90/012,116.

40.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41.     A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the '544 Patent.

## COUNT V –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,974,078

42.     MSI repeats and realleges the allegations in paragraphs 1-40 as though fully set forth herein.

43.     The RFID products and/or RFID systems manufactured and/or supplied to the RFID Defendants, the Accused Customer, and/or others by MSI have not infringed and do

not infringe, directly or indirectly, any valid claim of the '078 Patent, either literally or under the doctrine of equivalents.

44.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45.     A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, regarding the '078 Patent.

## COUNT VI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,974,078

46.     MSI repeats and realleges the allegations in paragraphs 1-44 as though fully set forth herein.

47.     A request for *ex parte* reexamination of the '078 Patent was filed with the U.S.P.T.O. as Reexamination No. 90/011,901 and is pending.  The U.S.P.T.O. has issued an Office Action rejecting claims 1, 9, and 15 included in the '078 Patent.  A copy of the U.S.P.T.O. Office Action is attached hereto as Exhibit 8.

48.     The '078 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and/or 112. For example, the claims of the '078 Patent are invalid as anticipated and/or obvious in view of at least the references cited in Reexamination No. 90/011,901.

49.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50.     A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the '078 Patent.

**COUNT VII –**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,459,726**

51.     MSI repeats and realleges the allegations in paragraphs 1-49 as though fully set forth herein.

52.     The RFID products and/or RFID systems manufactured and/or supplied to the RFID Defendants, the Accused Customer, and/or others by MSI have not infringed and do not infringe, directly or indirectly, any valid claim of the '726 Patent, either literally or under the doctrine of equivalents.

53.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

54.     A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, regarding the '726 Patent.

**COUNT VIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,459,726**

55.     MSI repeats and realleges the allegations in paragraphs 1-53 as though fully set forth herein.

56.     A request for *ex parte* reexamination of the '726 Patent was filed with the U.S.P.T.O. as Reexamination No. 90/012,115 and is pending.  The U.S.P.T.O. granted that request because it raises substantial new questions regarding the patentability of claims included in the '726 Patent.  A copy of the U.S.P.T.O. order is attached hereto as Exhibit 9.

57. The '726 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and/or 112. For example, the claims of the '726 Patent are invalid as anticipated and/or obvious in view of at least the references cited in Reexamination No. 90/012,115.

58. As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

59. A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the '726 Patent.

## COUNT IX –
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE41,531

60. MSI repeats and realleges the allegations in paragraphs 1-58 as though fully set forth herein.

61. The RFID products and/or RFID systems manufactured and/or supplied to the RFID Defendants, the Accused Customer, and/or others by MSI have not infringed and do not infringe, directly or indirectly, any valid claim of the '531 Patent, either literally or under the doctrine of equivalents.

62. As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

63. A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, regarding the '531 Patent.

## COUNT X - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE41,531

64.    MSI repeats and realleges the allegations in paragraphs 1-62 as though fully set forth herein.

65.    A request for *ex parte* reexamination of the '531 Patent was filed with the U.S.P.T.O. as Reexamination No. 90/012,114 and is pending.  A copy of the request filed with the U.S.P.T.O. is attached hereto as Exhibit 10.

66.    The '531 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and/or 112. For example, the claims of the '531 Patent are invalid as anticipated and/or obvious in view of at least the references cited in Reexamination No. 90/012,114.

67.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

68.    A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the '531 Patent.

## COUNT XI – NONCOMPLIANCE WITH 35 U.S.C. § 287

69.    MSI repeats and realleges the allegations in paragraphs 1-67 as though fully set forth herein.

70.    On information and belief, Round Rock and its predecessors-in-interest with respect to any of the Patents-In-Suit, including at least Micron Technology, Inc., Micron Communications, Inc. and Keystone Technology Solutions, LLC, (collectively, the "Patent Assignees") did not comply with the requirements of 35 U.S.C. § 287.  Consequently, Round

Rock cannot claim damages for any infringement of the Patents-In-Suit by MSI, and/or relating to any of the RFID products or RFID systems manufactured and/or supplied by MSI, that occurred prior to the date Round Rock provides actual notice to MSI of the Patents-in-Suit.

71.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

72.    A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, regarding the Patents-in-Suit.

### COUNT XII – LACHES

73.    MSI repeats and realleges the allegations in paragraphs 1-71 as though fully set forth herein.

74.    On information and belief, the Patent Assignees were aware, or should have been aware, of MSI's manufacturing and/or supply of RFID products and/or RFID systems to the RFID Defendants, the Accused Customer and/or others for many years.  On information and belief, the Patent Assignees have unreasonably and inexcusably delayed bringing a lawsuit against MSI for any infringement of the Patents-in-Suit.  The Patent Assignees' delay has caused economic prejudice and/or evidentiary prejudice to MSI.  Consequently, any claims for damages by Round Rock for any infringement of the Patents-In-Suit by MSI, and/or relating to any of the RFID products and/or RFID systems manufactured and/or supplied by MSI, are barred in whole or in part by laches.

75. As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

76. A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the Patents-in-Suit.

## COUNT XIII – ESTOPPEL

77. MSI repeats and realleges the allegations in paragraphs 1-75 as though fully set forth herein.

78. On information and belief, the Patent Assignees were aware, or should have been aware, of MSI's manufacturing and/or supply of RFID products and/or RFID systems to the RFID Defendants, the Accused Customer and/or others, and the Patent Assignees intentionally or otherwise unreasonably refrained from providing notice of the Patents-In-Suit to MSI. MSI was led to believe by the Patent Assignees' conduct that the Patents-in-Suit would not be enforced. MSI relied on the conduct of the Patent Assignees and suffered material prejudice as a result of such reliance. Consequently, Round Rock is estopped from claiming any infringement of the Patents-In-Suit by MSI and/or relating to any of the RFID products and/or RFID systems manufactured and/or supplied by MSI.

79. As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

80.     A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the Patents-in-Suit.

## COUNT XIV – ACQUIESCENCE

81.     MSI repeats and realleges the allegations in paragraphs 1-79 as though fully set forth herein.

82.     On information and belief, the Patent Assignees were aware, or should have been aware, of MSI's manufacturing and/or supply of RFID products and/or RFID systems to the RFID Defendants, the Accused Customer and/or others, and the Patent Assignees acquiesced to such manufacturing and supply by MSI.  MSI relied on the Patent Assignees' conduct and suffered material prejudice as a result of such reliance.  Consequently, Round Rock is barred by acquiescence from claiming any infringement of the Patents-In-Suit by MSI and/or relating to any of the RFID products or RFID systems manufactured and/or supplied by MSI.

83.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

84.     A judicial declaration is necessary and appropriate so that MSI may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the Patents-in-Suit.

## PRAYER FOR RELIEF

WHEREFORE, MSI respectfully requests that the Court enter judgment in favor of MSI granting the following relief:

A.    A declaration that MSI and MSI's RFID products and systems have not infringed and do not infringe any valid claim of any of the Patents-in-Suit;

B.    A declaration that all claims of the Patents-in-Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and/or 112;

C.    A declaration that all claims by Round Rock for damages for any infringement of the Patents-In-Suit by MSI, and/or relating to any of the RFID products or RFID systems manufactured and/or supplied by MSI, are barred in whole or in part under 35 U.S.C. §287;

D.    A declaration that all claims by Round Rock for damages for any infringement of the Patents-In-Suit by MSI, and/or relating to any of the RFID products or RFID systems manufactured and/or supplied by MSI, are barred in whole or in part by laches.

E.    A declaration that all claims by Round Rock for any infringement of the Patents-In-Suit by MSI, and/or relating to any of the RFID products or RFID systems manufactured and/or supplied by MSI, are barred by estoppel;

F.    A declaration that all claims by Round Rock for any infringement of the Patents-In-Suit by MSI, and/or relating to any of the RFID products or RFID systems manufactured and/or supplied by MSI, are barred by acquiescence;

G.    An injunction against Round Rock and its officers, agents, servants, employees, attorneys, and others in active concert or participation with any of them from asserting infringement or instituting or continuing any legal action for infringement of the Patents-in-Suit against MSI or its customers, suppliers, manufacturers, distributors, resellers, or end users of its products;

H.     An order declaring that this is an exceptional case and awarding MSI its

costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other

applicable statutes, rules and common law; and

I.     Such other and further relief as this Court may deem just and proper.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP


Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff Motorola Solutions, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Theodore J. Mlynar
Aleksandra King
Robert R. L. Kohse
Nicholas A. Tymoczko
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000


March 14, 2012
5807254.1